IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA HAAS, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 08-CV-2507 |
| KOHL'S DEPARTMENT STORE, INC., : | |
|     Defendant. : | |

MEMORANDUM AND ORDER

Tucker, J.                                                                                                          July 7, 2009

Presently before the Court are Defendant's Motion to Compel (Doc. 10) and Plaintiff's Motion for a Protective Order (Docs. 11 & 12).

## I. BACKGROUND

Plaintiff initiated the above-captioned matter alleging multiple counts of gender harassment and seeks damages including but not limited to compensation for emotional distress and reimbursement for lost wages. During discovery, Plaintiff objected to interrogatories seeking tax federal and state income tax returns from 2002 to the present (Doc. Request 10). Instead, Plaintiff offered W-2s for 2002, 2004, 2005, 2006 and 2007. Before the Court is Defendant's request that the Court compel Plaintiff to produce income tax returns for the requested years in lieu of the W-2s already submitted.[1]

## II. DISCUSSION

The discovery of tax returns requires the balancing of two competing and important

---

[1] The Motion to Compel also included requests for other materials such as the identity of health care professionals that examined Plaintiff. The parties have since communicated to the Court that the issues are no longer in dispute. Accordingly, this opinion is limited to the remaining issue of Plaintiff's tax returns.

-1-

interests–the taxpayer's expectation of privacy and the benefits of broad pre-trial discovery. DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) ("[P]rivate individuals have legitimate expectations of privacy regarding the precise amount of their incomes."). Courts have applied a two-part test for striking a balance between these two interests by first determining the relevance of the tax returns to the litigation. If the returns are determined to be relevant, the second consideration is whether a compelling need exists for the tax returns because of the lack of information available from other sources. The party seeking the information bears the burden of proving such unavailability of resources. Terlescki v. E. I. DuPont De Nemours & Co., 1992 WL 75015, * (E.D. Pa. 1992); Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 78, 80 (E.D. Pa. 1994).

Given the nature of the present litigation, it is clear that the information in Plaintiff's income tax returns is relevant, particularly as it relates to the mitigation of damages. Thus, the central consideration is whether there is a lack of resources with the same information that makes it necessary to compel production of Plaintiff's income tax returns. Plaintiff provided W-2s for 2002, 2004, 2005, 2006, and 2007 as proof of earnings over the requested period. Because W-2s do not contain substantial irrelevant confidential information such as investment income, spousal income, etc., they are a preferable form of discovery. Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 217 (W.D. Va. 1997); Gattegno v. Pricewaterhousecoopers, 205 F.$.D. 70, 74 (D. Conn. 2001).

In the interest of maintaining the balance between Plaintiff's privacy and the benefits of broad discovery, the Court finds that Plaintiff's W-2s are a sufficient alternative source for the information sought by Defendants in the income tax returns. Because the years 2003 and 2008 are missing, the Court will Order Plaintiff to supply W-2s from those years to Defendant to

complete its response to the discovery request.

The Court also finds noteworthy the cases where the moving party obtained income tax returns later in discovery upon a further showing of cause. Terwilliger, 176 F.R.D. at 218 ("If [moving party] learns that [the opposing party] earned additional income..., [the moving party] should inform the court and we will address the issue appropriately."]; Allioti v. Vessel Senora, 217 F.R.D. 496, 498 (N.D. Cal. 2003) ("[I]f...Defendant has reason to believe that the information provided...is untruthful or incomplete, the Court will consider a renewed motion on shortened time to requires disclosure.... However, any such motion will have to be based on an objective showing of cause, not sheer speculation."). The same opportunity lies here. Should it become apparent as discovery progresses that defense against this litigation requires more of Plaintiff's personal information that is both relevant to the case and difficult to locate outside of income tax returns, Defendant may submit an appropriate request.

### III. CONCLUSION

Accordingly, Defendant's Motion to Compel is denied. However Plaintiff is ordered to provide W-2s for the years 2003 and 2008. Should Plaintiff fail to provide the W-2s within the stated deadline, the Order will be amended to compel production of income tax returns for the years 2003 and 2008. Should Defendant find upon reviewing the information that Plaintiff's income information remains incomplete, the Court is amenable to a renewed motion to compel. An appropriate Order follows.